IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| MARCY ANN LERCH, | § | |
| *Plaintiff,* | § | |
| | § | |
| v. | § | CIVIL ACTION H-13-2036 |
| | § | |
| BANK OF AMERICA, N.A., *et al.,* | § | |
| | § | |
| *Defendants.* | § | |

**MEMORANDUM OPINION & ORDER**

Pending before the court is defendant Bank of America, N.A.'s ("Bank of America") motion for summary judgment against plaintiff Marcy Lerch ("Lerch"). Dkt. 10. Lerch has not filed a response to Bank of America's motion. After considering the motion, record, and applicable law, the court is of the opinion that Bank of America's motion for summary judgment should be **GRANTED**.

**I. BACKGROUND**

On May 17, 2006, Lerch executed an $88,000 home equity loan in favor of Aegis Funding Corporation ("Note"). Dkt. 10, Exs. A-1, A-2. The Note was secured by property located on Darst Road in Beasley, Texas (the "Property"). *Id.* Bank of America serviced Lerch's loan from March 6, 2012 through May 30, 2013. *Id.* at Exs. A-3, A-4. Lerch failed to make her payment due on June 1, 2010 until February 9, 2011, and defaulted on all subsequent payments due during the time Bank of America serviced her loan. *Id.*

Lerch was considered for a loan modification; however, she was denied on July 26, 2010 because she was deemed financially ineligible. *Id.* Ex. A-4. Lerch was also denied a second time for a loan modification on September 17, 2010 because she failed to provide the necessary

paperwork. *Id.* Lerch remained in default, so Bank of America sent her a Default Notice on January 11, 2011 by certified mail to her last known address. *Id.* at Ex. A-6. The Default Notice informed Lerch that if she did not cure the default by paying $8,131.08 by February 10, 2011, the mortgage payments would be accelerated with the total amount being due and payable in full. *Id.* Lerch failed to cure the default by the deadline. *Id.* at Ex. A.

On July 27, 2011, Mortgage Electronic Recording System, Inc. ("MERS"), acting as nominee for the Aegis Funding Corporation, assigned the Deed of Trust to Citibank, N.A., as Trustee for the Certificateholders of the MLMI Trust, Mortgage Loan Asset-Backed Certificates, Series 2006-HE5 ("Citibank"). *Id.* at Ex. A-5. On February 29, 2012, Barrett Daffin Frappier Turner & Engel, L.L.P. ("Barrett Daffin") sent a Notice of Acceleration and a Notice of Substitute Trustee Sale (collectively "Notice of Sale") to Lerch via certified mail to her last known address on behalf of Bank of America. *Id.* at Ex. A-7. The Notice of Sale scheduled the foreclosure sale for July 2, 2013. *Id.* The Notice of Sale advised Lerch that Barrett Daffin represented Bank of America and had the authority to initiate any legal proceeding in connection with the foreclosure of the loan. *Id.* Lerch was informed that the debt on the loan was being accelerated due to her failure to cure the default by the deadline, and that she had a right to bring a court action or contest the amount due in connection with the foreclosure. *Id.*

Lerch filed suit against Bank of America and Wilmington Trust, N.A., Successor Trustee to Citibank (collectively "Citibank"), in state court on July 2, 2013. Dkt. 1, Ex. A. Bank of America accepted service on July 9, 2013 and appeared in this lawsuit; however, Citibank has never been served. *Id.*; Dkt. 6. Lerch argues that the defendants did not produce the Original Note and all subsequent transfers or assignments of the Note upon request, and, therefore, have no right to

2

foreclose on the Property. Dkt. 1, Ex. A. Lerch alleges these acts violated the Texas Property Code, Texas Business and Commerce Code, and Texas Finance Code because they have not proven they are "holders" of the Note. *Id.* Lerch also seeks a declaratory judgment to determine whether the defendants must produce the Original Note. *Id.*

The state court issued a temporary restraining order on July 5, 2013 enjoining the foreclosure sale. *Id.* As a result, the Property was not sold at auction on July 2, 2013. Dkt. 10, Ex. A. On July 11, 2013, Bank of America removed this suit to federal court on the basis of diversity jurisdiction. Dkt. 1. Bank of America now moves for summary judgment arguing that Lerch's claims fail as a matter of law because it had authority to foreclose on the Property.

## II. LEGAL STANDARD

Summary judgment is proper if "the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine [dispute] as to any material fact and that the moving party is entitled to a judgment as a matter of law." FED. R. CIV. P. 56(c); *see also Carrizales v. State Farm Lloyds*, 518 F.3d 343, 345 (5th Cir. 2008). The mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; there must be an absence of any genuine dispute of material fact. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48, 106 S.Ct. 2505 (1986). A dispute is "material" if its resolution could affect the outcome of the action. *Burrell v. Dr. Pepper/Seven Up Bottling Grp., Inc.*, 482 F.3d 408, 411 (5th Cir. 2007). "[A]nd a fact is genuinely in dispute only if a reasonable jury could return a verdict for the non-moving party." *Fordoche, Inc. v. Texaco, Inc.*, 463 F.3d 388, 392 (5th Cir. 2006).

The moving party bears the initial burden of informing the court of all evidence demonstrating the absence of a genuine dispute of material fact. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323, 106 S.Ct. 2548 (1986). Only when the moving party has discharged this initial burden does the burden shift to the non-moving party to demonstrate that there is a genuine dispute of material fact. *Id.* at 322. If the moving party fails to meet this burden, then it is not entitled to summary judgment, and no defense to the motion is required. *Id.*

Generally, when a party does not respond to a motion, the motion will be deemed unopposed. *See* S.D. TEX. L.R. 7.4 ("Failure to respond will be taken as a representation of no opposition."). However, a district court may not grant a motion for summary judgment merely because it is unopposed. *Bustos v. Martini Club, Inc.*, 599 F.3d 458, 468 (5th Cir. 2010); *John v. State of La. (Bd. of Trustees for State Colleges & Universities)*, 757 F.2d 698, 709 (5th Cir. 1985) (a motion for summary judgment cannot be granted simply because there is no opposition, even if the failure to oppose violated a local rule). When a party does not file an opposition to a motion for summary judgment, the district court is permitted to consider the facts listed in support of the motion as undisputed and grant summary judgment if they show that the movant is entitled to judgment in his favor. *Eversley v. MBank Dallas*, 843 F.2d 172, 174 (5th Cir. 1988).

### III. ANALYSIS

#### A. Texas Business & Commerce Code

Although Lerch does not cite any specific provisions of the Texas Business and Commerce Code in her original petition, Lerch maintains that Bank of America did not have the right to foreclose on the Property because Bank of America failed to prove it was the "holder" of the Note or produce the Original Note and all subsequent transfers or assignments. Lerch appears to rely on

4

Section 3.301 of the Texas Business and Commerce Code by arguing that only a "Holder" of an instrument, or a non-holder in possession of the instrument, can enforce the instrument. Dkt. 1, Ex. A at 3. Section 3.301 defines the "[p]erson entitled to enforce" an instrument as the holder, a nonholder in possession of the instrument who has the rights of a holder, or a person not in possession who is entitled to enforce the instrument. TEX. BUS. & COM. CODE § 3.301. "Texas courts have routinely concluded that a party does not have to be a holder of the mortgage note prior to conducting a non-judicial foreclosure." *Estate of Falk v. Wells Fargo Bank, N.A.*, 541 F. App'x 481, 483 (5th Cir. 2013). During the relevant time, Bank of America was the servicer for this Note, and had authority to foreclose on the Property as the mortgage servicer. *See* TEX. PROP. CODE § 51.0025 ("A mortgage servicer may administer the foreclosure of property . . . on behalf of a mortgagee."); *Svoboda v. Bank of Am., N.A.*, 964 F. Supp. 2d 659, 667-68 (W.D. Tex. 2013). Thus, Bank of America did not have to prove that it held the Note, and was entitled to enforce the instrument as a mortgage servicer.

  Lerch also seems to assert a "split-the-note" theory. This "murky legal theory" suggests that the promissory note and the deed of trust must be kept together to have authority to foreclose. *Wiley v. Deutsche Bank Nat. Trust Co.*, 539 F. App'x 533, 535 (5th Cir. 2013). Texas courts, however, have not followed this theory and have allowed the promissory note and deed of trust to be separated. *Aguero v. Ramirez*, 70 S.W.3d 372, 374 (Tex App.—Corpus Christi 2002, pet. denied) ("[T]he note and lien constitute separate obligations . . . therefore, the note and the lien are separable."). The right to recover on the promissory note and the right to foreclose may be enforced separately. *Svoboda*, 964 F. Supp. 2d at 666. Because Texas law does not require that the foreclosing party possess both

the promissory note and the deed of trust, Lerch's argument that Bank of America needed to prove it possessed the promissory note fails as a matter of law.

B.     **Texas Property Code**

Lerch's original petition also asserts a Texas Property Code violation by Bank of America because it "failed to give proper notice because all transfers of the lien were not recorded timely as required by Texas law prior to the acceleration and collection action on the Note." Dkt. 1, Ex. A at 2. Lerch does not cite any provision of the Texas Property Code in support of her position. This same argument asserted by Lerch has been rejected by several federal courts in Texas. *See, e.g., Bittinger v. Wells Fargo Bank N.A.*, 744 F. Supp. 2d 619, 625 (S.D. Tex. 2010) (collecting cases). Additionally, even if the mortgage assignment was not recorded, it would not render the assignment unenforceable. The Texas Property Code provides that an "unrecorded instrument is binding on a party to the instrument." TEX. PROP. CODE §§ 13.001(b), 51.0001(4) (recognizing that recordation of assignment is one of several methods of establishing status as mortgagee); *Broyles v. Chase Home Fin.*, 2011 WL 1428904, at *2 (N.D. Tex. Apr. 13, 2011) (finding that assignments need not be recorded and noting that "Texas courts have consistently held that recordation is not necessary for liens, deeds, or deeds of trust to be enforceable against the parties to those instruments"). "The recordation of an assignment puts third parties on notice of the assignment, but the recordation itself does not affect the validity of the transfer of interest." *Green v. JPMorgan Chase Bank, N.A.*, 937 F. Supp. 2d 849, 857 (N.D. Tex. 2013) (citation omitted).

The evidence submitted by Bank of America establishes that Lerch was on notice that it was the mortgage servicer of the Note. On January 11, 2011, Bank of America sent Lerch the Default Notice identifying itself as the servicer of the loan. Dkt. 10, Ex. A-6. The Notice of Sale also

informed Lerch that Bank of America was her mortgage servicer. *Id.* at A-7. Finally, Bank of America sent a loan history statement in response to her request on July 9, 2013. *Id.* at Ex. A-3. Thus, Lerch was on notice that Bank of America had become the mortgage servicer, even though the assignments related to the Note and Deed of Trust may not have been recorded. Accordingly, Bank of America is entitled to judgment as a matter of law on Lerch's claim for violation of the Texas Property Code.

### C. Texas Finance Code/Texas Debt Collection Act

Lerch also alleges that Bank of America violated sections 392.301(8), 392.303, and 392.304 of the Texas Finance Code. These allegations are all premised on Bank of America not having the authority to foreclose on the Note. Lerch has not asserted any allegations to support that Bank of America violated any provision of the Texas Finance Code. Conversely, Bank of America has submitted evidence to prove that it was the mortgage servicer and could lawfully foreclose. Because the court has found that Bank of America had the authority to foreclose under Texas law, Lerch's Texas Finance Code allegations also fail as a matter of law.

### D. Declaratory Judgment

A party may seek declaratory judgment relief in federal court under 28 U.S.C. § 2201(a). Declaratory judgment allows "relief to be given by way of recognizing the plaintiff's right even though no immediate enforcement of it was asked." *Skelly Oil Co. v. Phillips Petroleum Co.*, 339 U.S. 667, 671–72, 70 S. Ct. 876 (1950). However, to qualify for a declaratory judgment "an actual controversy must be extant at all stages of review, not merely at the time the complaint is filed." *Bauer v. Texas*, 341 F.3d 352, 358 (5th Cir. 2003). Because Bank of America was entitled to

foreclose on the Property, Lerch cannot be granted declaratory relief due to the absence of a present controversy.

### IV. CONCLUSION

In conclusion, the court finds that Bank of America has shown as a matter of law that it had the authority to foreclose on the Note, and therefore, did not violate federal or state law when it proceeded to foreclose. Accordingly, Bank of America's motion for summary judgment (Dkt. 10) is **GRANTED** and all of Lerch's claims against Bank of America are dismissed with prejudice. Lerch's motion for mediation (Dkt. 13) is **DENIED** as moot. A separate final judgment will be entered in accordance with this opinion.[1]

It is so **ORDERED**.

Signed at Houston, Texas on August 20, 2014.

_____
Gray H. Miller
United States District Judge

---

[1] The court's holding that Lerch's claims fail as a matter of law applies equally to all defendants, including Citibank, which remains unserved. Because the unserved defendant here is similarly situated to the moving defendants, the court may on its own motion dismiss Lerch's claims against Citibank. *See Ducksworth v. City of Laurel*, 2012 WL 134356, at *2 n.7 (S.D. Miss. Apr. 5, 2012) (collecting cases).